12

From: The District Court of the Eleventh Judicial District. County of Flathead.

STATE OF MONTANA, Plaintiff, vs. CHARLES ALLEN METCALF, Defendant.

NO. 2885

DECISION

The application of the above-named defendant for a review of the sentence of ten years for rape, imposed on May 7, 1968, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that defendant was convicted of a rape accomplished by force, State v. Metcalf, 26 St. Rep. 472, 153 Mont. 369, 457 P.2d 453; that the crime may be punished by 99 years imprisonment; that the presentence report indicates extensive criminal conduct, including prior conviction of felony, which, if used, could have resulted in imprisonment for life or years without limit. Further, defendant will be eligible for parole consideration in February, 1970.

Any contention of the defendant that he was not guilty is beyond the power of this Court to consider. The Court's power is limited to, "* * * review the judgment so far as it relates to the sentence imposed * * *", Section 95-2503, R.C.M.1947.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.

From: The District Court of the Eighth Judicial District. County of Cascade.

STATE OF MONTANA, Plaintiff, vs. JESS LA PIER, Defendant.

NO. 5695B

DECISION

The application of the above-named defendant for a review of the sentence of six years for forgery with 4 months jail time credit, imposed on October 15, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This sentence appears proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, especially when it is considered that the presumption is that the sentencing judge was correct in his determination; that, initially, in leniency, the sentencing judge gave the defendant a 3 year deferred imposition of sentence which did not result in this sentence until there were violations of the terms of the deferred sentence; that while defendant seems to have no prior felony convictions, he does have a lengthy criminal record of lesser offenses. Contention that defendant would be better rehabilitated by transfer to an institution for the treatment of Alcoholism is not borne out by the fact that such efforts in the past have been notably unsuccessful.

We thank Ted Thompson, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.